Case 4:20-cv-00015-MFU   Document 10   Filed 08/25/20   Page 1 of 5   Pageid#: 52

CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

AUG 25 2020

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | Civil Action No. 4:20cv00015 |
| v. ) | |
| ) | By:   Hon. Michael F. Urbanski |
| **697, 701, 709 DANIEL ROAD,** ) | Chief United States District Judge |
| **AXTON, VA 24054** ) | |

### MEMORANDUM OPINION

This case concerns land in Henry County, Virginia, the government contends was used to pack and sale illegal drugs. Araceli Perez Sandoval claims an interest in at least two parcels that may or may not be subject to this forfeiture action. This matter now comes before the court on the government's motion to strike Mr. Sandoval's claim, ECF No. 7. For the reasons stated herein, I will grant the government's motion and strike Mr. Sandoval's claim for lack of standing.

I.

According to the government's verified complaint for forfeiture *in rem*, the properties located at 697, 701, and 709 Daniel Road in Axton, Virginia (a town within Henry County), have been used, since at least 2016, for the distribution of various drugs imported illegally into the United States by the Jalisco Cartel New Generation.[1] (Compl. ¶¶ 11-13, ECF No. 1.) At the time the complaint was filed, local land records showed the property was titled in the name of Marianna Davenport. (Id. ¶ 8, ECF No. 1). Upon information and belief, in October of 2017, Davenport sold the property to Graciela Santacruz-Godinez for $36,000 cash, and

---

[1] Although listed as three addresses, the government asserts that they are all effectively one piece of property designated by Parcel ID 166190001, (Compl. ¶ 2(a), Ex. A.)

although the parties signed a sales agreement, the transfer was not recorded in the local land records.[2] (Id. ¶¶ 20-21, ECF No. 1.)

On March 4, 2020, the government filed a Verified Complaint for Forfeiture In Rem, alleging the three tracts were subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7), ECF No. 1. On April 6, 2020, Araceli Perez Sandoval, proceeding *pro se*, filed a pleading that noted he was "objecting to the state of Virginia on the forfeiture action," and attached a purported Gift Deed of Correction transferring two parcels—including Parcel ID 166190001—from Marianna Davenport to him, ECF No. 2. Thereafter the government filed a motion to strike Mr. Sandoval's claim, citing his failure to comply with the applicable rules regarding forfeiture actions, ECF No. 7. Mr. Sandoval did not respond, so the court entered a Show Cause Order that outlined the applicable rules, advised Mr. Sandoval that failure to comply with rules resulted in a lack of standing to challenge the forfeiture, and instructed Mr. Sandoval to respond with pleadings that complied with the applicable rules or an argument as to why his claim should not be dismissed, ECF No. 8. Mr. Sandoval responded by submitting the purported Gift Deed of Correction again, ECF No. 9.

II.

Claims made for defendant property in an *in rem* forfeiture action are governed by the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and specifically Supplemental Rule G(5). See 21 U.S.C. § 881(b); 18 U.S.C. § 981(b)(2)(A); United

---

[2] The government contrarily asserts that "Jose Alfredo Santa Cruz Godinez," Graciela's brother, is the untitled owner of the properties. (Compl. ¶¶ 2(a) & 22, ECF No. 1.)

States v. $119,030.00 in U.S. Currency, 955 F. Supp. 2d 569, 575 (W.D. Va. 2013). Supplemental Rule G(5)(a) states, in relevant part:

> (5) Responsive Pleadings.
>   (a) Filing a Claim.
>     (i) A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:
>       (A) identify the specific property claimed;
>       (B) identify the claimant and state the claimant's interest in the property;
>       (C) be signed by the claimant under penalty of perjury; and
>       (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

Moreover, in addition to the claim, "[a] claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim." Supp. Rule G(5)(b). Here, the government moved to strike Sandoval's apparent claim, contending that his pleading failed to comply with Supplemental Rule G(5)(a)(i), and that he failed to file an answer or Rule 12 motion, in violation of Supplemental Rule G(5)(b). "A claimant who fails to comply with the Supplemental Rules lacks statutory standing to assert a claim." United States v. $18,690.00 in U.S. Currency, No. 5:13cv00026, 2014 WL 1379914, at * (W.D. Va. Apr. 8, 2014) (citing $119,030.00, 955 F. Supp. 2d at 577).

The government contends that Mr. Sandoval's pleading asserts nothing more than a "bald assertion of ownership," which courts in the Fourth Circuit have routinely held to be insufficient to assert a claim and establish standing. See, e.g., United States v. $307,970.00 in U.S. Currency, No. 4:12cv136FL, 2013 WL 4095373, at *4 (E.D.N.C. Aug. 13, 2013). The court finds that Mr. Sandoval's pro se filing does sufficiently assert a claim of ownership in

the property insofar as the Gift Deed of Correction transfers Parcel ID 166190001 to Mr. Sandoval. The Deed identified the parcel Mr. Sandoval claims and ownership interest in, and notes that he claims full ownership on the basis of that transfer. Such an allegation satisfied subparagraphs (A) and (B) of Supplemental Rule G(5)(a)(i). Where Mr. Sandoval's pleading fails, however, is with regard to subparagraphs (C) and (D) of Supplemental Rule G(5)(a)(i). His pleading was not made under penalty of perjury,[3] pursuant to Supplemental Rule G(5)(a)(i)(C), and there is no indication that the claim was served on the designated government attorney, as required by Supplemental Rule G(5)(a)(i)(D).

Moreover, despite being advised of the requirement to file an answer or a motion (see Show Cause Order, July 23, 2020, ECF No. 8), Mr. Sandoval failed to file any proper pleading that would arguably satisfy the requirements of Supplemental Rule G(5)(b). The court advised him specifically of the requirements of the Supplemental Rules and warned him that "[f]ailure to comply with the applicable rules results in a lack of standing to assert [his] claim." (Id.) Despite this warning and an opportunity to cure the defects outlined in the government's motion to strike his claim and the court's Show Cause Order, Mr. Sandoval has failed to comply with the applicable rules. According, he is without standing to state a claim, and the government's motion to strike his claim will be granted.

---

[3] This requirement is especially important here, as the Henry County GIS records—available online to the general public—do not have a record of this transfer, even though Mr. Sandoval claims to have docketed the deed with the Henry County Clerk's Office five months ago. (See Ex. A to this Opinion [retrieved August 24, 2020].) Moreover, the government contends Marianna Davenport sold the property to Graciela Santacruz-Godinez two and a half years before Mr. Sandoval claims she gifted it to him. (Compl. ¶ 20.)

III.

Claimants, including those attempting to represent their own interests, are not absolved of the statutory requirements necessary to press their claims. Mr. Sandoval was given explicit instructions on how and when to cure the defects of his purported claim but has failed to do so. As a result, he lacks the statutory standing to press his claim and it will be dismissed. An appropriate Order will be entered.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to Mr. Sandoval and all counsel of record.

It is so **ORDERED**.

Entered:   August 24, 2020

Michael F. Urbanski
Chief U.S. District Judge
2020.08.24 18:23:54
-04'00'

Hon. Michael F. Urbanski
Chief United States District Judge